IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERMAINE FOX,

    Petitioner,               No. 2:06-cv-01435 ALA (HC)

    vs.

D.K. SISTO,

    Respondent.          <u>ORDER</u>

_____/

    Petitioner has timely filed a notice of appeal of this Court's July 1, 2008 order denying his application for a writ of habeas corpus. He has also moved for leave to proceed in forma pauperis on appeal, and requested a certificate of appealability ("COA") (doc. 17).

I

    Pursuant to Rule 24(a)(1) of the Federal Rules of Appellate Procedure, a "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Also,

> [t]he party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

      (B) claims an entitlement to redress; and

      (C) states the issues that the party intends to present on appeal.

Fed. R. App. Proc. 24(a)(1).  The affidavit attached to Petitioner's motion complies with the rule in all ways except one: he has failed to demonstrate his inability to pay or to give security for fees and costs.  Therefore, the Court must deny Petitioner's motion to proceed in forma pauperis.

Petitioner may "file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days" after receiving notice of this order.  Fed. R. App. Proc. 24(a)(5).  Should Petitioner choose to file a request to proceed in forma pauperis before the Court of Appeals, he is urged to demonstrate in that motion that he is unable to pay or give security for fees and costs.

II

After Petitioner requested a certificate of appealability, a docketing clerk entered the following text on the docket: "CERTIFICATE OF APPEALABILITY REQUIRED for processing to [the Court of Appeals]."  For most appeals taken from orders denying habeas petitions brought pursuant to 28 U.S.C. § 2254, this statement is accurate.  *See* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . .").  However, a COA is not required in *all* appeals taken from orders adjudicating 28 U.S.C. § 2254 petitions.

When an application for federal habeas corpus challenges "the Board of Prison Terms' administrative decision to deny [a] request for parole," but not "the State court judgment or sentence derived therefrom," the challenged decision relates to the execution of a petitioner's sentence.  *Rosas v. Nielsen*, 428 F.3d 1229, 1231 (9th Cir. 2005).  Consequently, a petitioner challenging a parole denial need not secure a COA to appeal a district court's denial of his habeas petition because the petitioner is not challenging a detention arising out of "process

issued by a State court." 28 U.S.C. § 2253(c)(1)(A).

In *Rosas*, "[t]he target of the first ground [of the] petition [was] not the State court judgment or sentence derived therefrom, but the Board of Prison Terms' administrative decision to deny his request for parole." 428 F.3d at 1232. Here, Petitioner targets the Board of Prison Terms' administrative decision to deny him parole. As in *Rosas*, the challenged decision relates to the execution of Petitioner's sentence, and no certificate of appealability is required.

THEREFORE, IT IS ORDERED DENYING Petitioner's motion for leave to proceed in forma pauperis on appeal (doc. 17). Because no certificate of appealability is required in this case, the Clerk of the Court is DIRECTED to refer the appeal to the Ninth Circuit.

/////

DATED: August 11, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation